# EXHIBIT A

{00412261; 1}

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

PETCO ANIMAL SUPPLIES, INC., and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

JACKLYN FEIST and ANGELICA ZIMMER, Individually and on
Behalf of All Others Similarly Situated,

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/05/2016** at 02:14:59 PM

Clerk of the Superior Court
By Jessica Pascual, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

---

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER:** |
| (El nombre y dirección de la corte es): San Diego County Superior Court | **(Número del Caso):** |
| 220 West Broadway, San Diego, CA 92101 | 37-2016-00015093-CU-NP-CTL |
| 330 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Mark S. Greenstone, 1925 Century Park East, Suite 2100, Los Angeles, CA 90067, Tel. (310) 201-9150

---

| DATE: 05/06/2016 | Clerk, by | J. Pascual | , Deputy |
|---|---|---|---|
| (Fecha) | (Secretario) | J. Pascual | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**[SEAL]**

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Petco Animal Supplies, Inc.

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
      ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1
2
3
4
5
6

GLANCY PRONGAY & MURRAY LLP
Lionel Z. Glancy (SBN 134180)
Mark S. Greenstone (SBN 199606)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email:  lglancy@glancylaw.com
           mgreenstone@glancylaw.com

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**05/05/2016** at 02:14:58 PM
Clerk of the Superior Court
By Jessica Pascual,Deputy Clerk

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SAN DIEGO

10
11

JACKLYN FEIST and ANGELICA
ZIMMER, Individually and on Behalf of All
Others Similarly Situated,

Case No.: 37-2016-00015093-CU-NP-CTL

12

Plaintiffs,

**CLASS ACTION COMPLAINT FOR:**

13

v.

**Violation of Fair Credit Reporting Act (15
U.S.C. §§ 1681, *et seq.*).**

14
15

PETCO ANIMAL SUPPLIES, INC., and
DOES 1 through 10, inclusive,

**Jury Trial Demanded As To All Claims
That Are So Triable**

16

Defendants.

17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

1       Plaintiffs Jacklyn Feist and Angelica Zimmer ("Plaintiffs") allege as follows upon personal

2   knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon

3   information and belief, including investigation conducted by their attorneys.

4   **PRELIMINARY STATEMENTS**

5       1.    This class action arises from Petco Animal Supplies, Inc.'s ("Defendant") acquisition

6   and use of consumer and/or investigative consumer reports as those terms are defined by the Fair

7   Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, to conduct background checks on

8   Plaintiffs and other prospective, current and former employees.

9       2.    Defendant routinely procures consumer reports to conduct background checks as part

10  of the employment application process. However, Defendant fails to comply with federal mandates

11  for obtaining and using consumer reports for employment purposes. Plaintiffs bring this action

12  against Defendant for the violation of these federal laws.

13      3.    Although the procurement of a consumer report for employment purposes is not *per se*

14  unlawful, it is subject to strict disclosure requirements under federal law pursuant to the FCRA.

15  Among other things, an employer may not procure a consumer report concerning a job applicant or

16  employee unless a "clear and conspicuous" disclosure is made in a stand-alone document that

17  "consists solely of the disclosure" informing the applicant or employee that a report may be obtained

18  for employment purposes. In addition, if an employer takes an adverse action on the basis of a

19  consumer report, it must comply with the FCRA's pre- and post- adverse action notice requirements.

20      4.    Defendant procured consumer reports respecting Plaintiffs and class members as part

21  of its standard practice and policy, but failed to provide them with a clear and conspicuous written

22  disclosure, in a document that consists solely of the disclosure, that a consumer report may be

23  obtained for employment purposes. Defendant also failed to comply with the FCRA's adverse action

24  notice requirements.

25      5.    As a result of Defendant's wrongful acts and omissions, Plaintiffs and other putative

26  class members have been injured, including, without limitation, by having their privacy and statutory

27  rights violated.

28

6.      As further alleged herein, Defendant's violations occurred because Defendant has willfully failed to properly apprise itself of the statutory mandates before procuring consumer reports to make employment decisions; violated the express and unambiguous provisions of the relevant statute; and/or recklessly failed to implement reasonable procedures to assure compliance with statutory mandates.

7.      On behalf of themselves and the putative class, Plaintiffs seek statutory damages, punitive damages, costs and attorneys' fees, equitable relief, and other appropriate relief for Defendant's systematic and willful violations of the FCRA.

## PARTIES

8.      Plaintiff Jacklyn Feist is, and at all times relevant herein was, a resident of California.

9.      Plaintiff Angelica Zimmer is, and at all times relevant herein was, a resident of California.

10.     Upon information and belief, Defendant Petco Animal Supplies, Inc. is, and at all times relevant herein was, a Delaware corporation headquartered in San Diego, California, and engaged in commercial transactions throughout this county, the State of California and the various states of the United States of America.

11.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, Defendant and/or DOES 1 through 10 (collectively "Defendants") each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all Defendants were in accordance with, and represent, the official practice and policy of Defendants. Plaintiffs are unaware of the true names or capacities of the Defendants sued herein under the fictitious names DOES 1 through 10, but will seek leave of this Court to amend the Complaint and serve such fictitiously-named Defendants once their names and capacities become known.

12.     Plaintiffs are informed and believe, and thereon allege, that DOES 1 through 10 were the partners, agents, owners, shareholders, managers, or employees of Defendant Petco Animal Supplies, Inc. at all relevant times.

1    13.    Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is
2 in some manner intentionally, negligently, or otherwise responsible for the acts, omissions,
3 occurrences, and transactions of each and all of the other Defendants in proximately causing the
4 damages herein alleged.

5    14.    At all relevant times, Defendants, and each of them, ratified each and every act or
6 omission complained of herein.  At all relevant times, Defendants, and each of them, aided and
7 abetted the acts and omissions alleged herein.

8                              **JURISDICTION AND VENUE**

9    15.    This class action is brought pursuant to California Code of Civil Procedure Section
10 382.

11    16.    This Court has jurisdiction over this action pursuant to the California Constitution,
12 Article VI, Section 10.  The monetary damages sought by Plaintiffs exceeds the minimal jurisdictional
13 limits of the Superior Court and will be established according to proof at trial.

14    17.    This Court has concurrent jurisdiction over Plaintiffs' FCRA claims under 28 U.S.C.
15 Section 1681p which provides, in pertinent part: "An action to enforce any liability created under this
16 title may be brought in any appropriate United States district court, without regard to the amount in
17 controversy, or in any other court of competent jurisdiction."

18    18.    This Court has personal jurisdiction over Defendant because, upon information and
19 belief, Defendant is either a citizen of California, has sufficient minimum contacts in California, or
20 otherwise intentionally avails itself of the California market so as to render exercise of jurisdiction
21 over Defendant by California courts consistent with traditional notions of fair play and substantial
22 justice.

23    19.    Venue lies within this judicial district because Defendant transacts business in this
24 County and a substantial part of the acts and omissions giving rise to this putative class action took
25 place in this county.  Plaintiffs are informed and believe, and thereon allege, that Defendant has
26 multiple retail locations in this county employing hundreds if not thousands of putative class
27 members, and is headquartered in this county.

28

## STATUTORY BACKGROUND

22.　Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

23.　While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure their "confidentiality, accuracy, relevancy, and proper utilization." 15 U.S.C. § 1681.

24.　Congress was particularly concerned about the use of consumer reports by employers to deny otherwise qualified job applicants or to take other adverse actions against prospective or current employees. Accordingly, Congress required employers to make a clear and conspicuous written disclosure to employees and job applicants, in a document that consists *solely* of the disclosure, that a consumer report may be procured for employment purposes. 15 U.S.C. § 1681b(b)(2). This is commonly referred to as the "stand-alone disclosure" requirement. Congress further required that employers obtain written authorization prior to procurement of a consumer report for employment purposes. *Id.*

25.　The FCRA's stand-alone disclosure requirement ensures that employees and job applicants know when reports about them are being generated. This notice is one of many elements of the FCRA that combine to ensure that consumers are aware that consumer reports are generated about them, that they know their rights, and that they have the opportunity to dispute errors in their reports. *See* 15 U.S.C. § 1681b(b)(3)(A) (pre-adverse employment action notice requirement); § 1681b(4)(B) (notification of national security investigation); § 1681c(h) (notification of address discrepancy); § 1681d(a) (disclosure of investigative report); § 1681g (full file disclosure to consumers); § 1681k(a)(1) (disclosure regarding the use of public record information); § 1681h (form and conditions of disclosure); § 1681m(a) (post-adverse employment action notice requirement).

26.　Although the disclosure and the authorization may be combined in a single document, the FTC has warned that the form should not include any extraneous information or be part of another

1  document. For example, in response to an inquiry as to whether the disclosure may be set forth within

2  an application for employment or whether it must be included in a separate document, the FTC stated:

> The disclosure may not be part of an employment application because
> the language [of 15 U.S.C. § 1681b(b)(2)(A) ] is intended to ensure
> that it appears conspicuously in a document not encumbered by any
> other information. The reason for requiring that the disclosure be in a
> stand-alone document is to prevent consumers from being distracted
> by other information side-by-side within the disclosure.

7      27.    The plain language of the statute also clearly indicates that the inclusion of a waiver in

8  a disclosure form violates the disclosure and authorization requirements of the FCRA, because such a

9  form would not consist "solely" of the disclosure. In fact, the FTC expressly has warned that the

10  FCRA notice may not include extraneous information such as a waiver. In a 1998 opinion letter, the

11  FTC stated:

> [W]e note that your draft disclosure includes a waiver by the
> consumer of his or her rights under the FCRA. The inclusion of such
> a waiver in a disclosure form will violate Section 604(b)(2)(A) of the
> FCRA, which requires that a disclosure consist 'solely' of the
> disclosure that a consumer report may be obtained for employment
> purposes.

16      28.    Consistent with the FCT's construction of the FCRA, the courts have consistently held

17  that extraneous information renders a purported FCRA disclosure non-compliant. *See, e.g., Woods v.*

18  *Caremark PHC, LLC*, No. 4:15-cv-00535, 2015 WL 6742124, *2 (W.D. Mo. Nov. 2, 2015) (denying

19  motion to dismiss FCRA complaint where plaintiff alleged that purported disclosure contained an

20  overbroad authorization for third parties to provide information to defendant and its consumer

21  reporting agency, and state specific notices that did not apply to plaintiff); *Jones v. Halstead Mgmt.*

22  *Co., LLC*, No. 14-cv-3125, 2015 WL 366244, *5 (S.D. NY Jan 27, 2015) (denying motion to dismiss

23  FCRA complaint where plaintiff alleged that purported disclosure form included timeframes during

24  which applicant must challenge accuracy of any report, an acknowledgement that employment

25  decisions are based on non-discriminatory reasons, the contact information for the consumer reporting

26  agency and state specific notices that "stretched what should be a simple disclosure form into two full

27  pages of eye-straining typeface writing.")

28

1    29.    As discussed below, Defendant routinely violates the FCRA by failing to provide the

2  required stand-alone disclosure to employees and job applicants.

3                              **FACTUAL ALLEGATIONS**

4    30.    Defendant is a major pet supply retailer that operates more than 1,300 locations across

5  the United States, Mexico and Puerto Rico,[1] On information and belief, Defendant processes tens of

6  thousands of employment applications per year.

7    31.    On or about October 25, 2015, Plaintiff Jacklyn Feist applied for work with Defendant

8  by completing Defendant's online Employment Application ("Application"). Shortly after applying,

9  Plaintiff was called in for an interview at one of Defendant's California retail locations. Shortly after

10  this interview, Plaintiff was call in for a second interview at the conclusion of which she was provided

11  with a work schedule.

12    32.    On or about October 30, 2015, Defendant requested a consumer report on Plaintiff

13  from consumer report vendor HireRight, which came back with an adjudication result that indicated

14  "Does Not Meet Company Standards." On information and belief, this adjudication result was based

15  on erroneous information.

16    33.    When Plaintiff arrived for her first scheduled day of work she was told that her

17  background check had not come through and was not allowed to begin working. Thereafter, Plaintiff

18  called multiple times to follow up but was repeatedly told that the background check was taking

19  additional time. Plaintiff was not provided with a pre- or post- adverse action notification, a copy of

20  her consumer report, an opportunity to cure any inaccuracies in her report, or otherwise informed of

21  the results of her background check.

22    34.    On or about July 28, 2014, Plaintiff Angelica Zimmer applied for work with Defendant

23  by completing Defendant's online Employment Application.

24    35.    On or about August 1, 2014, Defendant requested a consumer report on Plaintiff from

25  consumer report vendor LexisNexis. Plaintiff was subsequently hired and worked for Defendant from

26

27

---

28  [1] *See* https://en.wikipedia.org/wiki/Petco, last visited 3/15/2016.

1  approximately September 2014 through January 2015 in one of Defendant's California retail
2  locations.

3       36.      Defendant's online Application is a complex document which includes fields for all of
4  the information necessary to process an applicant including, *inter alia*, job specific skills, assessment,
5  tax information, diversity information, etc.

6       37.      Buried within Defendant's Application is a purported "Background Check Consent"
7  which appears on a screen with small-font wording in the middle that the applicant scrolls through by
8  dragging a scrollbar on the right hand side (the "scroll down"). The wording contained within the
9  scroll down itself would comprise approximately five singled-spaced pages if reproduced in 12-point
10 Roman font on standard sized 8-1/2" x 11" paper.

11      38.      The first two paragraphs of Defendant's purported "Background Check Consent"
12 within the scroll down appear under the words "Background Check Authorization."

13      39.      The first paragraph under the words "Background Check Authorization" states, in part:

14          After carefully reading this Background Check Authorization and
            Disclosure form, I authorize Petco to order my background check,
15          including investigative consumer reports. I understand that, as
            allowed by law, Petco may rely on this authorization to order
16          additional background reports without asking me for my
            authorization again...
17

18 Although this paragraph purports to authorize the ordering of a "background check, including
19 investigative consumer reports" it does not mention the term "consumer report" (as distinguished from
20 "investigative consumer report"), which is the type of report that, on information and belief, was
21 procured on Plaintiffs and Class Members. In addition, it purports to authorize the ongoing
22 procurement of reports.
23

24      40.      The second paragraph under the words "Background Check Authorization" states:

25          I also authorize all of the following to disclose to the CRA and its
            agents all information about or concerning me, including but not
26          limited to: my past or present employers; learning institutions,
            including colleges and universities; law enforcement and all other
27          federal, state and local agencies; federal, state and local courts; the
            military; credit bureaus; testing facilities; motor vehicle records
28          agencies; all other private and public sector repositories of

CLASS ACTION COMPLAINT
7

> information; and any other person, organization, or agency with any information about or concerning me. The information that can be disclosed to the CRA and its agents includes, but is not limited to, information concerning my employment and earnings history, education, credit history, motor vehicle history, criminal history, military service, professional credentials and licenses. I promise that all of my personal information on this form is true and correct and understand that dishonesty will disqualify me from consideration for employment with Petco, or if I am hired or already work for Petco, that my employment may be terminated. I also agree that a copy of this form is valid like the signed original.

This paragraph is not a disclosure that a consumer report will be procured, nor is it an authorization to procure a consumer report. Rather, it is a blanket waiver through which the applicant consents to "also authorize" any person or entity who possesses any information concerning the applicant, to divulge such information whether or not otherwise lawful or appropriate to do so ("Privacy Waiver.")

41.     Following the above paragraphs, and in the same scroll down, are the words "Background Check Disclosure," followed by two lengthy paragraphs which contain, *inter alia*, the following statements, in addition to the statement that a consumer report will be procured:

    a.   That background reports are obtained "[i]n the interest of maintaining the safety and security of our customers";

    b.   That Defendant "may order additional background reports on you for employment purposes";

    c.   That Defendant "may order an 'investigative consumer report'";

    d.   That "[a]n 'investigative consumer report' is a background report that includes information from personal interviews (except in California, where that term includes background reports with or without personal interviews)";

    c.   The identity, phone number and address of the consumer reporting agency that will prepare the report; and,

    f.   An advisement that "[y]ou have the right to request more information about the nature and scope of an investigative consumer report, if any, by contacting Petco's Employee Relations department..."

42.     Following the above paragraphs, and within the same scroll down, are the words "State Specific Notices," followed by seven separate paragraphs containing various information relating to the laws of seven different states, California, Maine, Massachusetts, Minnesota, New Jersey, New York and Washington State.

43.     Following these paragraphs, and within the same scroll down, is "A Summary of Your Rights Under the Fair Credit Reporting Act" which alone would be several pages long if printed in 12-point Roman font on standard sized 8-1/2" x 11" paper.

44.     Following the "Background Check Consent" and within the same Application, is an "eSignature" which is also presented as a scroll down, and which also contains information that would fill multiple single-spaced pages if reproduced in normal font on standard sized paper.  The following paragraph is embedded within the "eSignature" scroll down:

> I hereby authorize Petco to conduct any necessary investigation regarding my background as it relates to the position I am seeking and to the extent permitted by federal, state, and local law. I agree to complete the requisite authorization forms for the background investigation. I hereby release all parties from any liability in connection with the provision and use of such information.

45.     On information and belief, this same Application was used regularly by Defendant for all online job applicants during the relevant time period pursuant to Defendant's standard employment policies, procedures, and/or practices.

46.     Plaintiffs further allege, on information and belief, that Defendant's online job Application is the only thing provided to applicants prior to Defendant procuring a consumer report on them which relates in any way the fact that a consumer report may be procured.

47.     The Privacy Waiver, lengthy state law notices and other extraneous information contained within and surrounding Defendant's purported "Background Check Consent," as well as the release and reams of extraneous information contained in Defendant's "eSignature," would each taken individually, suffice to render Defendant's Application non-compliant.

48.     Despite its failure to provide Plaintiffs with the required stand-alone disclosure, following Plaintiffs' and Class Members' submission of the Application, Defendant procured or caused to be procured a consumer report on Plaintiffs and Class Members, in accordance with

1 | Defendant's standard employment policies, procedures, and/or practices. On information and belief,
2 | Defendant did not procure Plaintiffs' and Class Members' reports in connection with any investigation
3 | of suspected misconduct relating to employment, or compliance with federal, state, or local laws and
4 | regulations, the rules of a self-regulatory organization, or any preexisting written policies of the
5 | Defendant.

6 |     49.    On information and belief, Defendant does not perform these background checks in-
7 | house. Rather, Defendant hires one or more outside consumer reporting agencies to obtain this
8 | information and report it to Defendant for a fee. These reports therefore constitute "consumer reports"
9 | within the meaning of the FCRA.

10 |     50.    On information and belief, Defendant used HireRight and Lexis Nexis to procure
11 | consumer reports during the class period.

12 |     51.    Defendant's conduct unambiguously violates the FCRA. By embedding its purported
13 | disclosure in an employment application and including extraneous information within and around the
14 | disclosure, Defendant disregarded well-established case law and regulatory guidance from the FTC.
15 | Additionally, the inclusion of the extraneous provisions causes the disclosure to fail to be "clear and
16 | conspicuous" and "clear[] and accurate[]," and violates Section 1681b(b)(2)(A) for this reason as well.

17 |     52.    Defendant's multiple violations of the FCRA combined with its knowledge of the
18 | requirements of federal law provides further evidence that Defendant's violations were willful.

19 | **CLASS ACTION ALLEGATIONS**

20 |     53.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

21 |     54.    Plaintiffs assert the following Classes:

22 |     **Proposed Improper Disclosure Class**: All employees or prospective
23 | employees of Defendant in the United States with respect to whom Defendant procured or caused a consumer report to be procured
24 | within five years of the filing of the Complaint in this action through the date of certification.

25 |     **Proposed Adverse Action Class**: All employees or prospective
26 | employees of Defendant in the United States who were denied employment or terminated within five years of the filing of the
27 | Complaint in this action through the date of certification, based, in
28 | whole or part, on information contained in a consumer report.

1   56.   Members of the Classes, as described above, will be referred to as "Class Members."

2   Excluded from the Classes are: (1) Defendant, any entity or division in which Defendant has a

3   controlling interest, and its legal representatives, officers, directors, assigns, and successors; and (2)

4   the Judge to whom this case is assigned and the Judge's staff.  Plaintiffs reserve the right to amend the

5   above Classes and to add subclasses as appropriate based on investigation, discovery, and the specific

6   theories of liability.

7   **Numerosity**

8   57.   The proposed Classes are so numerous that joinder of all Class Members is

9   impracticable.  Defendant regularly obtains and uses information in consumer reports to conduct

10   background checks on prospective and existing employees.  Given the number of employees working

11   for Defendant, Plaintiffs believe that during the relevant time period, thousands of Defendant's

12   employees and prospective employees would fall within the definition of the Classes.

13   **Common Questions of Law and Fact**

14   58.   Virtually all of the issues of law and fact in this class action predominate over any

15   questions affecting individual Class Members. Among the questions of law and fact common to the

16   Classes are:

17   a.  Whether Defendant uses consumer report information to conduct background checks on

18   current and prospective employees;

19   b.  Whether Defendant fails to disclose to current and prospective employees that a consumer

20   report will be procured in a stand-alone document consisting solely of the disclosure;

21   c.  Whether the Defendant violated the FCRA by procuring consumer report information

22   based on invalid authorizations;

23   d.  Whether the Defendant violated the FCRA by failing to provide pre-adverse action notice,

24   a copy of the consumer report and a reasonable time to cure inaccuracies, to those with

25   respect to whom Defendant took adverse action based in whole or part upon information

26   contained in a consumer report;

27   e.  Whether Defendant's violations of the FCRA were willful; and,

28   f.   The proper measure of statutory and punitive damages.

**Typicality**

59.    Plaintiffs' claims are typical of the members of the proposed Classes. Defendant typically requires job applicants to apply via an online employment application with a purported FCRA disclosure and authorization embedded within a long form that contains reams of extraneous information which clearly render the disclosure non-compliant. In addition, on information and belief, Defendant systematically fails to provide notice of adverse action based in whole or part upon information contained within a consumer report. The FCRA violations suffered by Plaintiffs are typical of those suffered by other Class Members, and Defendant treated Plaintiffs consistent with other Class Members in accordance with its standard policies, practices and procedures.

**Adequacy of Representation**

60.    Plaintiffs, as representatives of the Classes, will fairly and adequately protect the interests of the Classes and have no interests that conflict with or are antagonistic to the interests of the other Class Members. Plaintiffs have retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiffs and members of the Classes.

**Superiority**

61.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA, and the names and addresses of the Class Members are available from Defendant's records. This case therefore lends itself to class treatment. Furthermore, Class Members do not have an interest in pursuing separate actions against Defendant, as the amount of each Class Member's individual claims is small compared to the expense and burden of individual prosecution. Class certification will also obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Finally, Plaintiffs are unaware of any difficulty which will be encountered in the management of this litigation which would preclude class certification.

## FIRST CAUSE OF ACTION

### Failure to Make Proper Disclosure in Violation of FCRA

### (15 U.S.C. §§ 1681b(b)(2)(A)(ii))

62.   Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

63.   Defendant violated the FCRA by the use of a disclosure form that contains extraneous information other than the disclosure, and that is embedded within an employment application.

64.   The foregoing violations were willful as Defendant was aware of its obligation to provide a clear and conspicuous disclosure in a document consisting solely of the disclosure.

65.   Based upon facts likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, Defendant had and has a policy and practice of failing to provide adequate written disclosures to job applicants and employees, before procuring consumer reports or causing consumer reports to be procured.  Pursuant to that policy and practice, Defendant procured consumer reports or caused consumer reports to be procured for Plaintiffs and Class Members without first providing a written disclosure in compliance with Section 1681b(b)(2)(A) of the FCRA.

66.   Defendant's willful conduct is reflected by, among other things, the following facts:

a.   The FCRA was enacted in 1970; Defendant, which was founded in 1986, has had 30 years to become compliant;

b.   Defendant is a large corporation with access to legal advice through its own General Counsel's office and outside employment counsel;

c.   Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

d.   Defendant knew or had reason to know from its communications with its consumer report vendor(s) that Defendant's conduct violated the FCRA;

e.   Defendant repeatedly and routinely used the online job Application it used with Plaintiffs prior to procuring consumer reports;

f.   Despite the clear statutory text and depth of guidance on the subject, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a*

1  *document that consists solely of the disclosure*, that a consumer report may be obtained for
2  employment purposes; and,

3          g.     By adopting such a policy, Defendant voluntarily ran a risk of violating the law
4  substantially greater than the risk associated with a reading that was merely careless.

5      67.    Plaintiffs and Class Members are entitled to statutory damages of not less than $100
6  and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §
7  1681n(a)(1)(A).

8      68.    Plaintiffs and Class Members are also entitled to punitive damages for these violations
9  pursuant to 15 U.S.C. § 1681n(a)(2).

10      69.    Plaintiffs and Class Members are further entitled to recover their costs and attorneys'
11  fees, pursuant to 15 U.S.C. § 1681n(a)(3).

12  **SECOND CAUSE OF ACTION**

13  **Failure to Obtain Proper Authorization in Violation of FCRA**

14  **(15 U.S.C. § 1681b(b)(2)(A)(ii))**

15      70.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

16      71.    Because Defendant failed to make a clear and conspicuous disclosure that a consumer
17  report may be procured in a document consisting solely of the disclosure, Defendant violated the
18  FCRA by procuring consumer reports relating to Plaintiffs and other Class Members without proper
19  authorization. *See* 15 U.S.C. § 1681b(b)(2)(A)(ii).

20      72.    The foregoing violations were willful.  Defendant acted in deliberate or reckless
21  disregard of its obligations and the rights of Plaintiffs and other Class Members under 15 U.S.C. §
22  1681b(b)(2)(A)(ii).  Defendant's willful conduct is reflected by, among other things, the facts
23  previously set forth.

24      73.    Plaintiffs and Class Members are entitled to statutory damages of not less than $100
25  and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §
26  1681n(a)(1)(A).

27      74.    Plaintiffs and Class Members are also entitled to punitive damages for these violations
28  pursuant to 15 U.S.C. § 1681n(a)(2).

1    75.    Plaintiffs and Class Members are further entitled to recover their costs and attorneys'

2   fees, pursuant to 15 U.S.C. § 1681n(a)(3).

3                                **THIRD CAUSE OF ACTION**

4        **Failure to Follow Pre-Adverse Action Requirements in Violation of FCRA**

5                              **(15 U.S.C. § 1681b(b)(3)(A)**

6    76.    Plaintiffs incorporate the foregoing paragraphs as if fully set forth herein.

7    77.    Defendant used a consumer report, as defined by the FCRA, to take adverse

8   employment action against Plaintiff Feist and other Adverse Action Class Members.

9    78.    Defendant violated the FCRA by, *inter alia*, failing to provide Plaintiff Feist and other

10   Adverse Action Class Members with a pre-adverse action notice; failing to provide Plaintiff Feist and

11   other Adverse Action Class Members with a copy of the consumer report that was used to take

12   adverse employment action against them prior to the adverse action; and, failing to provide Plaintiff

13   Feist and other Adverse Action Class Members with a reasonable time to cure any inaccuracies within

14   their consumer reports prior to taking adverse action.

15   79.    The foregoing violations were willful.  Defendant acted in deliberate or reckless

16   disregard of its obligations and the rights of applicants and employees, including Plaintiff Feist and

17   other Adverse Action Class Members. Defendant's willful conduct is reflected by, among other

18   things, the following facts:

19       a.  The FCRA was enacted in 1970; Defendant, which was founded in 1986, has had 30

20   years to become compliant;

21       b.  Defendant is a large corporation with access to legal advice through its own General

22   Counsel's office and outside employment counsel;

23       c.  Defendant's conduct is inconsistent with the plain language of the statute;

24       d.  Defendant knew or had reason to know from its communications with its consumer

25   report vendor(s) that Defendant's conduct violated the FCRA;

26       e.  Defendant committed multiple violations of the FCRA's adverse action requirements

27   by, *inter alia*, not providing Plaintiff Feist and other Adverse Action Class Members pre-adverse

28

1  action notice; not providing a copy of the consumer report; and not providing a reasonable notice
2  period to cure inaccuracies; and,

3      f.  The FCRA requires consumer reporting agencies to provide notice to users of
4  consumer reports of the users' legal obligations under the FCRA prior to the procurement of consumer
5  reports, despite such knowledge Defendant persisted in the conduct that brought forth this action.

6      80.  Plaintiff Feist and other Adverse Action Class Members are entitled to statutory
7  damages of not less than $100 and not more than $1,000 for each and every one of these violations,
8  pursuant to 15 U.S.C. §1681n(a)(1)(A).

9      81.  Plaintiff Feist and Adverse Action Class Members are also entitled to punitive damages
10 for these violations, pursuant to 15 U.S.C. §1681n(a)(3).

11     82.  Plaintiff Feist and Adverse Action Class Members are further entitled to recover their
12 costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

13     **WHEREFORE,** Plaintiffs respectfully request that this Court issue an Order:

14     a.  That this action may proceed as a class action under Section 382 of the California Code
15 of Civil Procedure;

16     b.  Designating Plaintiffs as class representatives and designating Plaintiffs' counsel as
17 counsel for the Classes;

18     c.  Directing proper notice to be mailed to the Classes at Defendant's expense;

19     d.  Holding that Defendant committed multiple, separate violations of the FCRA;

20     e.  Holding that Defendant acted willfully in deliberate or reckless disregard of Plaintiffs'
21 and class members' rights, and its obligations, under the FCRA;

22     f.  Awarding statutory damages in an amount of $1,000 per violation and punitive
23 damages as provided by the FCRA;

24     h.  Awarding reasonable attorneys' fees and costs as provided by the FCRA; and,

25     i.  Granting other and further relief, in law or equity, as this Court may deem appropriate
26 and just.

27

28

1   Dated: May 5, 2016                                GLANCY PRONGAY & MURRAY LLP

2

3                                                     By: *s/ Mark S. Greenstone*
                                                      Lionel Z. Glancy
4                                                     Mark S. Greenstone
                                                      1925 Century Park East, Suite 2100
5                                                     Los Angeles, CA 90067
                                                      Telephone: 310-201-9150
6                                                     Facsimile: 310-201-9160
                                                      mgodino@glancylaw.com
7                                                     mgreenstone@glancylaw.com

8
                                                      *Counsel for Plaintiffs*
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mark S. Greenstone (SBN 199606)<br>GLANCY PRONGAY & MURRAY LLP<br>1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067<br>TELEPHONE NO.: (310) 201-9150   FAX NO. *(Name):* (310) 201-9160<br>ATTORNEY FOR *(Name):* Plaintiffs Jacklyn Feist and Angelica Zimmer | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**05/05/2016** at 02:14:59 PM<br><br>Clerk of the Superior Court<br>By Jessica Pascual,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: ~~220 West Broadway~~ 330 W. Broadway
MAILING ADDRESS: ~~220 West Broadway~~ 330 W. Broadway
CITY AND ZIP CODE: San Diego, 92101
BRANCH NAME: Central Courthouse

CASE NAME:
Jacklyn Feist and Angelica Zimmer v. Petco Animal Supplies, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2016-00015093-CU-NP-CTL |
| | | | JUDGE: Judge Eddie C Sturgeon |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☐ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ✓ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ✓ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ✓ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence   f. ✓ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.✓ monetary   b.✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 3 - Violations 15 U.S.C. §§ 1681b(b)(2)(A)(ii), 15 U.S.C. § 1681b(b)(3)(A)
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 5, 2016
Mark S. Greenstone
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer*
    *or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex*
  *case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex)*
  Other Civil Complaint
    (*non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

STREET ADDRESS:    330 W Broadway
MAILING ADDRESS:   330 W Broadway
CITY AND ZIP CODE:  San Diego, CA 92101-3827
BRANCH NAME:     Central
TELEPHONE NUMBER: (619) 450-7067

| | |
|---|---|
| PLAINTIFF(S) / PETITIONER(S):    Jacklyn Feist et.al. | |
| DEFENDANT(S) / RESPONDENT(S):  PETCO Animal Supplies Inc | |
| FEIST VS PETCO ANIMAL SUPPLIES INC [E-FILED] | |

| | CASE NUMBER: |
|---|---|
| **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE on MANDATORY eFILE CASE** | 37-2016-00015093-CU-NP-CTL |

**CASE ASSIGNMENT**

Judge:  Eddie C Sturgeon                             Department: C-67

**COMPLAINT/PETITION FILED: 05/05/2016**

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 01/27/2017 | 10:30 am | C-67 | Eddie C Sturgeon |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

MANDATORY eFILE: Case assigned to mandatory eFile program per CRC 3.400-3.403 and SDSC Rule 2.4.11. All documents must be eFiled at www.onelegal.com. Refer to General Order 051414 at www.sdcourt.ca.gov for guidelines and procedures.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2016-00015093-CU-NP-CTL     CASE TITLE: Feist vs Petco Animal Supplies Inc [E-FILED]

NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
     (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
     (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
     (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR:</u> Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
* In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
* In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:        330 West Broadway | |
| MAILING ADDRESS:     330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:          Central | |

| PLAINTIFF(S):    Jacklyn Feist et.al. |
|---|
| DEFENDANT(S): PETCO Animal Supplies Inc |
| SHORT TITLE:    FEIST VS PETCO ANIMAL SUPPLIES INC [E-FILED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER:<br>37-2016-00015093-CU-NP-CTL |
|---|---|

Judge: Eddie C Sturgeon                                                                    Department: C-67

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)              ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)    ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)               ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____              Date: _____


_____              _____
Name of Plaintiff                                            Name of Defendant


_____              _____
Signature                                                      Signature


_____              _____
Name of Plaintiff's Attorney                            Name of Defendant's Attorney


_____              _____
Signature                                                      Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated:  05/06/2016                                          _____
                                                                      JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)         **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**         Page: 1